**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

**UNITED STATES OF AMERICA,**      :
                                                       :
                                                       :      **19 Cr. 428 (JGK)**
                                                       :
           **- v.-**                                    :      **Memorandum of Law**
                                                       :      **in Support**
**MICHAEL CASTILLO,**                :
                                                       :
                                                       :
                      **Defendant.**            :
-------------------------------------------------------------------X

## INTRODUCTION

Pursuant to *Federal Rule of Criminal Procedure* (hereafter "*FRCP*") *24(a)* and the *Sixth Amendment* to the U.S. Constitution, Michael Castillo respectfully requests that this Court permit counsel for each side in this case 60 minutes to conduct collective and individual voir dire of the jury venire in his case. Allowing counsels' questions and permitting counsel to conduct a *voir dire* examination of the jurors after this Court has conducted its *voir dire* examination and to supplement the Court's will further the interests of justice in this complicated case..

In this case, defendant seeks permission 1) for counsel to ask follow up questions in certain areas necessitated by the answers to this Court's questions and 2) for counsel to conduct *voir dire* in this case regarding issues such as: the nature of the charges; the likely evidence; concerns the jurors may have about this kind of case, generally; concerns about charges involving violent crimes, firearms and drugs.

1

**ARGUMENT**

**I.     To Insure That a Fair and Impartial Jury Is Empaneled in this Case, Counsel for Michael Castillo Should Be Given an Opportunity Pursuant to *Federal Rule of Criminal Procedure 24(a)* to Conduct Collective and Individual *Voir Dire* of the Jury Venire in This Case.**

*Federal Rule of Criminal Procedure 24(a)* permits the district court to allow counsel for the parties to "conduct the examination of prospective jurors." Another option provided by *Rule 24*, and the one more typically taken in federal court, is for the Court itself to conduct the voir dire examination. When a court chooses to conduct the *voir dire*, *Rule 24* permits the Court to allow supplemental voir dire questions by counsel. *FED. R. CRIM. P. 24(a)*. The United States Supreme Court has indicated that "without an adequate *voir dire,* the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the Court's instructions and evaluate and evidence cannot be fulfilled." *Rosales-Lopez v. United States,* 451 U.S. 182, 188 (1981)("Because the obligation to impanel an impartial jury lies in the first instance with the trial judge, and because he must rely largely on his immediate perceptions, federal judges have been accorded ample discretion in determining how best to conduct the voir dire."). The Court has noted "part of the guaranty of a defendant's right to an impartial jury is an adequate *voir dire* to identify unqualified jurors." *Morgan v. Illinois,* 504 U.S. 11 719 (1992). Indeed, the trial court has been granted wide discretion in conducting *voir dire,* particularly where pretrial publicity and other areas of juror bias might arise. *Mu'Min v. Virginia,* 500 U.S. 415,427 (1991).

While recognizing the trial court's discretion in this matter, the Fifth Circuit has noted that "*voir dire* may have little meaning if it is not conducted at least in part by counsel." *United*

2

States v. Ible, 630 F.2d 389, 395 (5th Cir. 1980). The court of appeals found the federal practice of almost exclusive *voir dire* examination by the court problematic because it "does not take into account the fact that it is the parties, rather than the court, who have a full grasp of the nuances and the strength and weaknesses of the case." *Id*. *Voir dire* examination conducted without a full appreciation of the nuances of the case would make it unlikely that the hidden prejudices of the jurors will be uncovered. *United States v. Corey*, 625 F.2d 704, 707 (5th Cir. 1980) ("Knowing what specific questions to ask is difficult for the judge, who lacks the same grasp attorneys have of the complexities and nuances of a particular case."). Without the opportunity for counsel to effectively probe for these hidden prejudices, it would be difficult to accomplish the goal of exercising sensitive and intelligent peremptory challenges. *See Ible*, 630 F.2d 389, 395 ("Peremptory challenges are worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes.").

As the Fifth Circuit has noted, "[e]xperience indicates that in the majority of situations questioning by counsel would be more likely to [gain the necessary information] than an exclusive examination in general terms by the trial court. *Id*. This is particularly so in cases where the possibility of prejudice is so great that specific voir dire questions are considered necessary. Such cases include those involving potentially prejudicial pretrial publicity, racial overtones, and allegations of gang association. *See United States v. Davis*, 583 F.2d 190, 196–97 (5th Cir. 1978) (district court erred in failing to ask specific, individual questions concerning possible prejudice stemming from pretrial publicity); *United States v. Jones*, 722 F.2d 528, 529-30 (9th Cir. 1983) (indicating need for individual questioning in cases involving racial overtones).

As federal judges experiment with attorney participation in *voir dire*, a majority find the practice preferable in certain cases. See, *Report of the Committee on Junes of the Judicial Council of the Second Circuit,* 12-31 (August 1984) (Judges in criminal cases favored the experimental procedure by a 12-4 vote). See also, Ninth Circuit, Manual on Jury Trial Procedures (2004) §2.6 Attorney Participation in Voir Dire ("Under both the criminal and civil rules (Fed.R.Crim.P.24(a) and Fed.R.Civ.P. 47(a direct attorney participation in the voir dire examination is discretionary with the court. While many courts permit attorney *voir dire*, the extent of attorney participation varies greatly from court to court. Some courts permit attorneys to participate orally in *voir dire*, some permit attorney participation via written questions, and others use a combination of the practices.").

This case involves an Indictment that charges Michael Castillo with a murder for hire which was committed in furtherance of a conspiracy that allegedly distributed marijuana in the Southern District of New York and elsewhere. In addition to the crimes charged in the indictment, the defendant expects that the government will seek to introduce evidence of several uncharged crimes and acts.

It raises key matters of concern to residents of the Southern District of New York, including the alleged use of firearms, murder and drug dealing. All of these matters are likely to elicit strong feelings and possible biases from prospective jurors.

Courts have "long recognized the substantial risk of unfair prejudice attached to gang affiliation evidence, noting such evidence 'is likely to be damaging to a defendant in the eyes of the jury' and that narcotics gangs or enterprises suffer from 'poor public relations.'" *United States v. Irvin,* 87 F.3d 860, 864 (7th Cir, 1996) (internal citations omitted). A jury's negative

feelings  creates a danger that such evidence will improperly influence its verdict because of "guilt by association."*Id*; *cf. United States v. Parada-Talamantes,* 32 F.3d 168, 179 (5th Cir. 1994) (vacating conviction because of guilt-by-association evidence).

Residents of the New York City metropolitan area may  have a heightened perception that young, economically disadvantaged minority men are likely to be involved in violent street crime, especially where drugs are involved and alleged.  In order to increase the likelihood that any hidden prejudices of the jurors will be uncovered, to accomplish the goal of exercising sensitive and intelligent peremptory challenges, and to insure that a fair and impartial jury is empaneled in this case, counsel should be given an opportunity to conduct collective and individual *voir dire* of the jury venire in his case.

## <u>CONCLUSION</u>

**FOR THE REASONS SET FORTH, DEFENDANT'S
MOTION SHOULD BE GRANTED IN ALL RESPECTS.**

Dated: January 8, 2021

*Mark S. DeMarco*
_____
**Mark S. DeMarco**
**Jeremy Schneider**
**Margaret Shalley**
**Attorneys for the Defendant**
***Michael Castillo***