UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      - against -

MICHAEL CASTILLO,

              Defendant.

19-cr-428 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The defendant, Michael Castillo, moves pursuant to Federal Rule of Criminal Procedure 36 to strike a reference in his written judgment to 18 U.S.C. § 924(c)(1)(A)(i). See ECF No. 149. The defendant contends that the inclusion of Section 924(c)(1)(A)(i) in the written judgment was a clerical error because the defendant pleaded guilty to a violation of 18 U.S.C. § 924(j), and not 18 U.S.C. § 924(c)(1)(A)(i). See id. at 2.

There is no dispute that the defendant pleaded guilty to Count Two of the Superseding Indictment, which charges a violation of 18 U.S.C. §§ 924(j) and 2. See ECF No. 31. There is likewise no dispute that Castillo was sentenced on Count Two of the Superseding Indictment. See ECF No. 149; Sentencing Tr. at 19. The Pre-Sentence Report ("PSR") included a reference to § 924(c)(1)(A)(i), insofar as the PSR referred to the mandatory minimum sentence of five years' imprisonment required under § 924(c)(1)(A)(i). See ECF No. 101 ¶ 76; id. at 20. And, the

written judgment included a reference to both § 924(j) and §
924(c)(1)(A)(i). ECF No. 105.

The inclusion of § 924(c)(1)(A)(i) in the written judgment
was not an error based on the applicable law at the time of
sentencing, and had no effect on the sentence imposed in this
case. Therefore, the defendant's motion to correct a clerical
error pursuant to Federal Rule of Criminal Procedure 36 is
**denied.**

I.

Section 924 (j) provides that

> [a] person who, in the course of a violation of subsection
> (c), causes the death of a person through the use of a
> firearm shall -- (1) if the killing is a murder (as
> defined in section 1111), be punished by death or by
> imprisonment for any term of years or for life . . .. [1]

Subsection (c) of Section 924 in turn provides for the
penalties to be imposed on a person for the use or carrying of a
firearm during and in relation to a drug trafficking crime, or a
person who in furtherance of any such crime possesses a firearm,
unless a greater minimum sentence is otherwise provided by this
subsection or any other provision of law. See 18 U.S.C. §
924(c).

---

[1] Unless otherwise noted, this Memorandum Opinion & Order omits all
alterations, citations, footnotes, and internal quotation marks in quoted
text.

At the time that Castillo was sentenced, the Second Circuit Court of Appeals had construed § 924(j) to incorporate the elements of § 924(c), as well as § 924(c)'s sentencing enhancements. See United States v. Barrett, 937 F.3d 126, 129 n.2 (2d Cir. 2019) (collecting cases). The Supreme Court's decision in Lora v. United States subsequently "upset this understanding of § 924(c) and § 924(j)." United States v. Barrett, 102 F.4th 60, 91 (2d Cir. 2024) (citing Lora v. United States, 599 U.S. 453, 458-59 (2023)). In Lora, the Supreme Court concluded that § 924(j) incorporates only § 924(c)'s elements, not its sentencing mandates. See Lora v. United States, 599 U.S. at 458-59.

At the time of the defendant's sentencing, however, the Second Circuit Court of Appeals held that § 924(j) expressly incorporated the penalties and elements of § 924(c). See United States v. Rivera, 679 F. App'x 51, 54 (2d. Cir. 2017) (rejecting a challenge to an indictment's citation to § 924(j) alone, rather than in conjunction with § 924(c), because "§ 924(j) expressly incorporates § 924(c) by reference[.]"). And, in any event, the relationship between § 924(c) and § 924(j) did not affect the defendant's sentence in this case. The Sentencing Guidelines Range was from 324 to 405 months of imprisonment, see Sentencing Tr. at 17, and the Court ultimately varied downwardly to a sentence of 276 months' imprisonment to be followed by a

3

term of five years' supervised release, see id. at 19. The
sentence was in no way affected by the inclusion of § 924(c) in
the PSR or in the written judgment. Section 924(j) continues to
incorporate the elements of Section 924(c) and the mandatory
minimum sentence of five years' imprisonment did not affect the
sentence at all in view of the Guidelines Range and this Court's
sentence.

                                II.

     In the defendant's reply, the defendant requests - in the
alternative - that the Court grant the defendant leave to amend
the defendant's motion under 28 U.S.C. § 2255. See ECF No. 152
at 1. However, the defendant filed a notice of appeal of this
Court's decision denying the defendant's original motion filed
under 28 U.S.C. § 2255, see ECF No. 147, and therefore, this
Court lacks jurisdiction to grant the defendant leave to amend.
See Griggs v. Providence Consumer Discount Co., 459 U.S. 56, 58
(1982) ("The filing of a notice of appeal is an event of
jurisdictional significance - it confers jurisdiction on the
court of appeals and divests the district court of its control
over those aspects of the case involved in the appeal."); Ching
v. United States, 298 F.3d 174, 180 n.5 (2d Cir. 2002) ("The
filing of the notice of appeal divested the district court of
jurisdiction over [the petitioner's] original § 2255 motion.").

                                 4

This Court could, however, issue an indicative ruling on the defendant's request to file a motion to amend pursuant to Federal Rule of Civil Procedure 62.1(a), if this Court were inclined to grant the defendant leave to amend the defendant's 28 U.S.C. § 2255 motion, or the Court could defer or deny the defendant's motion. Rule 62.1 of the Federal Rules of Civil Procedure permits a court to make an "indicative ruling" on a motion for which relief is barred by a pending appeal if the court were inclined to grant the motion. The rule states:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a).

For the reasons stated above, the inclusion of § 924(c)(1)(A)(i) on Castillo's written judgment had no impact on Castillo's below-Guidelines sentence of 276 months' imprisonment, and provides no basis for an amendment to the defendant's original § 2255 motion. Therefore, the defendant's motion to amend the original § 2255 motion is denied. The Court would not grant such a motion if the matter were remanded by the Court of Appeals. See, e.g., Rivera v. United States, 2022 WL 2608956, at *2 (S.D.N.Y. July 8, 2022).

### III.

Finally, the defendant asserts that the defendant's motion to correct a clerical error in his judgment is "not a meaningless request," because "the BOP determines eligibility for a myriad of different things based on the written judgment, and a violation of 18 U.S.C. § 924(c) precludes the benefit of Federal Sentence Credits (FSC) pursuant to 18 U.S.C. § 3632(d)(4)(D)(xxii)[.]" ECF No. 149 at 2. However, challenges to prison time credits determined by the Bureau of Prisons should be raised on a petition for habeas relief under 18 U.S.C. § 2241, after a petitioner has exhausted his administrative remedies within the Bureau of Prisons. See, e.g., Rosenberg v. Pliler, 2021 WL 6014938, at *2 (S.D.N.Y. Dec. 20, 2021); Cohen v. United States, 2021 WL 1549917, at *3 (S.D.N.Y. April 20, 2021).

A prerequisite to federal habeas corpus relief under § 2241 is the exhaustion of administrative remedies. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the Court that the failure to exhaust should be excused. See id. at 634. There is no indication that the defendant in this case has exhausted his administrative remedies within the Bureau of Prisons and the present

application under Federal Rule of Criminal Procedure 36 is not a petition pursuant to 18 U.S.C. § 2241. Moreover, it is well-established that any petition challenging the petitioner's physical confinement pursuant to U.S.C. § 2241 should be filed in the district where the petitioner is incarcerated. See, e.g., Rumsfeld v. Padilla, 541 U.S. 426, 442-43 (2004); United States v. Smalling, 644 F. App'x 3, 4-5 (2d Cir. 2016). The defendant is currently incarcerated in Butner, North Carolina – outside of this District.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the motion, filed under Federal Rule of Criminal Procedure 36, is **denied.** Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk is directed to close ECF No. 149 in 19-cr-428.
The Clerk is also requested to mail a copy of this Memorandum
Opinion and Order to the defendant and to note service on the
docket of the Court.

**SO ORDERED.**

Dated:    New York, New York
          July 8, 2024

                                         John G. Koeltl
                            United States District Judge