```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------------

MICHAEL CASTILLO,

                Petitioner,

     - against -

UNITED STATES OF AMERICA,

                Respondent.

-----------------------------------------

19-cr-428-2 (JGK)
22-cv-6894 (JGK)

ORDER

**JOHN G. KOELTL**, District Judge:

    By motion filed on July 30, 2024, the pro se petitioner, Michael Castillo, moves to amend and add a claim to his petition brought pursuant to 28 U.S.C. § 2255. ECF No. 11.[1] The petitioner claims that he was afforded ineffective assistance of counsel because his lawyer "wrongfully ensured [him] that [his] guilty plea to a violation of 18 U.S.C. § 924(j) would not preclude [him] from earning time off [his] sentence under the First Step Act of 2018." Id. at *1. The motion is **denied**.

                               I.

    On July 9, 2021, pursuant to a plea agreement, Castillo pleaded guilty to murder through the use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(j) and 2. See Dkt. 97.[2] On October 15, 2021, the Court sentenced Castillo principally to a below-Guidelines sentence of

---

[1] ECF numbers refer to case number 22-cv-6894.
[2] Docket ("Dkt.") numbers refer to case number 19-cr-428-2.

276 months', or 23 years' imprisonment. See Dkt. 107. Judgment was entered on October 21, 2021. Dkt. 105.

Castillo then moved to vacate his conviction, arguing that: (1) he received constitutionally ineffective of assistance in both the pretrial and sentencing stages of his case; and (2) the Government violated its obligations under Brady v. Maryland, 373 U.S. 83 (1963). The Court denied that Motion on October 11, 2023 and denied a certificate of appealability. Castillo v. United States, Nos. 19-cr-428 & 22-cv-6894, 2023 WL 6622071 (S.D.N.Y. Oct. 11, 2023). Castillo sought a certificate of appealability from the Court of Appeals for the Second Circuit; the court of appeals dismissed the appeal on June 18, 2024. ECF No. 15.

**II.**

The petitioner's motion to amend his section 2255 petition is time-barred. Section 2255(f) imposes a one-year period of limitation. 28 U.S.C. § 2255(f). Section 2242 provides that a section 2255 petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Id. § 2242. "Under Rule 15(c), an amendment is timely if it 'relates back' to the original habeas motion." Ching v. United States, 298 F.3d 174, 181 (2d Cir. 2002) (citing Fed. R. Civ. P. 15(c)(2)). In relevant part, an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(2).

The relation-back doctrine set forth in Rule 15(c) does not apply, however, when a petitioner seeks to amend a previously dismissed section 2255 petition. Warren v. Garren, 219 F.3d 111, 114 (2d Cir. 2000); Williams v. United States, Nos. 00-cr-1008 & 09-cv-2179, 2012 WL 2497260, at *1 (S.D.N.Y. June 27, 2012). This "rule is not a mere technicality, but serves to prevent prisoners from circumventing the limitations period imposed by the" Antiterrorism and Effective Death Penalty Act of 1996. Warren, 219 F.3d at 114. Because Castillo's initial petition was dismissed, "there is no pleading to which to relate back." Id. Castillo's proposed amendment is "therefore untimely." Id.; Williams, 2012 WL 2497260 at *1.

Moreover, Castillo's new claim is factually distinct from those raised in his original petition, and therefore cannot relate back. The new claim—respecting advice concerning the consequences of a guilty plea under the First Step Act—is completely unrelated to the various ineffective-assistance-of-counsel claims that the petitioner previously made. See Castillo, 2023 WL 6622071 at *3-6.

The Court has carefully reviewed all of the parties' arguments. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the petitioner's motion to amend his section 2255 petition is **denied**. Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Clerk is directed to close ECF No. 11 in case number 22-cv-6894 and ECF No. 154 in case number 19-cr-428-2. The Clerk is also requested to mail a copy of this Order to the petitioner at: Michael Castillo (589 37177); Low Security Correctional Institution; P.O. Box 999; Butner, NC 27509; and to note mailing on the docket.

**SO ORDERED.**

Dated:   New York, New York
         November 19, 2024

                                         _____
                                              John G. Koeltl
                                         **United States District Judge**